IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THEODORE F. GRADEL,<br>SARAH GRADEL,<br>THOMAS A. MAZZA,<br>JAMES X. MAUDE,<br><br>      Plaintiffs,<br><br>v.<br><br>PIRANHA CAPITAL, L.P.,<br>LONGBOAT CAPITAL FUNDS<br>MANAGEMENT, LLC,<br>LONGBOAT GLOBAL ADVISORS, LLC,<br>ROBERT JOSEPH BEASLEY<br><br>      Defendants.<br><br>ROBB EVANS and ASSOC., LLC,<br><br>      Intervenor,<br><br>PERSHING, LLC,<br><br>      Garnishee. | No. 05 C 78<br>Wayne R. Andersen<br>District Judge<br><br>**FILED**<br>OCT 2 0 2006<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

## MEMORANDUM, OPINION, AND ORDER

This matter is before the court on Theodore and Sarah Gradel, Thomas Mazza and James Maude's (collectively, "Plaintiffs") motion for turnover order and the Intervenor's motion to vacate a prior attachment order and transfer assets. For the reasons discussed below, Plaintiffs' motion is denied, and the Intervenor's motion is granted.

### BACKGROUND

The following facts are taken from the parties' briefs and statements of uncontested material facts. Plaintiffs are private investors. Defendant Piranha Capital,

L.P. ("Piranha") is a limited partnership organized under the laws of the state of Delaware with its principal place of business located in Florida. Piranha conducts business as a capital hedge fund that invests in financial instruments. Defendant Longboat Global Advisors, LLC was the general partner of Piranha until early 2002. In January 2002 Defendant Longboat Global Funds Management, LLC (both LLCs collectively referred to as "Longboat") became the General Partner of Piranha. At all times, Defendant Robert Joseph Beasley ("Beasley") was the sole managing member of Longboat. Intervenor Robb Evans and Associates, LLC ("Intervenor") was granted leave by this court to intervene as receiver on January 10, 2006.

In 2002, the Gradels, Mazza and Maude each invested $250,000 in the Piranha hedge fund, and became Limited Partners soon after. In June 2003, Plaintiffs Maude and Mazza each invested an additional $250,000 in the fund. At that time, the combined investment of the Plaintiffs, less accrued profits, was $1,250,000. After receiving notice from Longboat of the illiquid nature of the investments in the fund, Plaintiffs sent written requests to redeem the entirety of their capital accounts on June 7, 2004. On September 24, 2004, Longboat sent a letter to Piranha investors notifying them of its election to suspend withdrawal rights pursuant to the Limited Partnership Agreement. At the time, Plaintiffs had not received any funds from their requested withdrawal. Plaintiffs did receive pro rata distributions of some of the fund's liquid assets in October 2004, January 2005 and March 2005 totaling $522,209.93. Plaintiffs have not yet received $903,631.59 of their initial investment and subsequent fund appreciation.

On March 22, 2006, this court granted Plaintiffs' motion for summary judgment, holding that Plaintiffs were entitled to $903,631.59 in compensatory damages. Plaintiffs'

motion for turnover order represents their attempt to collect the damages that the court awarded them. The subject of this motion is approximately $1,000,000 currently held by Garnishee Pershing LLC ("Pershing"). Pershing has held this $1,000,000 as a result of an attachment order entered by the Circuit Court of Cook County on October 27, 2004 before Defendants' removed their case to this court. Also before us is the Intervenor's motion to vacate the October 27 attachment order, and transfer the Piranha assets (held by Pershing) to the Intervenor. It is important to note that while this case was pending before us, the same Defendants have been involved in other lawsuits.

On May 25, 2005, the Commodity Futures Trading Corporation ("CFTC") filed suit against Defendants Beasley and Longboat in the United States District Court for the Northern District of California. The suit alleged that Beasley and Longboat made material misrepresentations to investors in the Piranha fund that constituted violations of the Commodities Exchange Act ("CEA"). On August 19, 2005, the United States District Court for the Northern District of California entered a Consent Order of Preliminary Injunction in the CFTC case. This order appointed the Intervenor as temporary receiver for Beasley and Longboat with respect to matters involving the Piranha fund, and gave the Intervenor full powers of an equity receiver. The order also placed a stay on litigation or enforcement of any suit involving Longboat or the Piranha fund. Although the Plaintiffs were not parties to the California suit, they were served with notice of the proceedings.

## DISCUSSION

The question in this dispute centers on the reach of the injunctive order of our sister court in California. Plaintiffs argue that the injunction does not apply to them

3

because they are former limited partners and creditors, and the power of the receiver was specifically limited to protecting limited partners and no one else. The Intervenor claims that Plaintiffs in this case are indeed covered under the California court's injunction, that they should not have access to the funds held by Pershing, and that those funds should pass to the Intervenor as a result of its appointment as receiver by the California court.

A turnover order is most often seen in the context of a bankruptcy proceeding. While this case does not involve such a proceeding, the standards and burdens or proof are helpful in determining the merits of Plaintiffs' motion. The burden of proof in a turnover proceeding is on the party seeking turnover. That party must establish a prima facie case to support the relief requested. Thus, the party seeking turnover has the burden of establishing that the debtor has a legal or equitable interest in the property at issue, or that the property is in fact property of the estate. The party seeking turnover also has the burden of proving that the property is in possession or control of the defendant. *See* 5A Fed. Proc., L.Ed. § 9:932.

While we agree that the Plaintiffs have established their legal right to the property at issue, the question remains whether the California stay affects Plaintiffs right to take control over the property held by the Garnishee. To answer this question, we must look to the language of the injunction itself. Section VI of the California court's Consent Order places a stay on litigating or enforcing any suit involving the parties to the California action, or the assets appointed to the Intervenor:

> It is further ordered that except by leave of the Court, during the pendency of the receivership ordered herein, the Defendants, and all other persons and entities, be and are hereby stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of,

4

in, or in the name of, Longboat, Piranha, the Receiver, receivership assets, or the Receiver's duly authorized agents acting in their capacities as such, including but not limited to the following actions:

    A.    Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

    B.    Accelerating the date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of Longboat, Piranha, or any property claimed by Longboat or Piranha, or attempting to foreclose, forfeit alter or terminate any of Longboat's or Piranha's interest in property, whether such acts are part of a judicial proceeding or otherwise;

    C.    Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien on any property, wherever located, owned by or in the possession of Longboat, Piranha or the Receiver, or any agent of the Receiver

This court must determine whether Plaintiffs (as nonparties to the California suit) fall under the "all other person and entities" language of the Consent Order. We believe that they do. The California court intended to protect the assets of the Piranha fund so they could be equitably distributed by the appointed receiver. By including this language in the order, the California court intended to restrict access not only to the parties in that suit, but also to "all other persons" as well. Additionally, the Intervenor points to the Ninth Circuit decision in *Securities Exchange Commission v. Wencke*, 622 F.2d 1363 (9th Cir. 1980) as evidence that orders to stay proceedings can be enforced against nonparties.

In *Wencke*, the Ninth Circuit found that a district court's stay (with markedly similar language to the California order) prevented a nonparty from assuming possession

5

and control over assets he had been awarded in a state court judgment. The action in the Ninth Circuit was brought by a federal agency (the Securities Exchange Commission), much like the California action in this case (brought by the CFTC). The third party in *Wencke* was not a party to the action in the district court, but the district court held the stay was appropriate for the third party. The court noted that normal injunctive orders are usually only binding on parties to the action, but pointed to the "broad equitable powers" of the federal courts in shaping remedies. *Wencke*, 622 F.2d at 1371. The court may issue blanket stays directed to nonparties when necessary to protect the receivership created. *Id.* at 1370. Finally, the court noted that the power of the district court to issue a stay, effective against *all persons,* of all proceedings against the receivership entities rests as much on its control over the property placed in receivership as on its jurisdiction over the parties to the securities fraud action. *Id.* at 1369 (emphasis added). While Ninth Circuit law is not binding on this court, because this issue has not been addressed by the Seventh Circuit we find it persuasive. We agree that Plaintiffs are covered by the language of the California order, and therefore find that Plaintiffs' motion for turnover order is denied.

In addition, the court grants the Intervenor's motion to vacate the prior attachment order and transfer the assets held by the Garnishee. In securities actions involving appointed receiverships, courts have allowed the receiver to take control over assets relating to the dispute in order to ensure orderly and efficient administration. *See Securities Exchange Commission v. Hardy,* 803 F.2d 1038 (9th Cir. 1986). This court agrees with the California court that the Intervenor is best equipped to undertake the orderly administration of the assets of the Piranha fund.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for turnover order is DENIED, and Intervenor's Motion to Vacate the Attachment Order and Transfer Assets is GRANTED.

_____
Wayne R. Andersen
United States District Judge

Dated: October 20, 2006